UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | | |
|---|---|---|---|
| LEON SPENCER PATTERSON | ) | | |
| | ) | | |
| v. | ) | Case No. | CV611-042 |
| | ) | | CR607-031 |
| UNITED STATES OF AMERICA | ) | | |

## REPORT AND RECOMMENDATION

On June 24, 2008, the Court sentenced Leon Spencer Patterson, who engineered and participated in a large car theft ring, to 80 months' imprisonment based upon his guilty plea admission that he counterfeited a state security -- namely a motor vehicle title issued by the state of Louisiana -- with the intent to deceive the Georgia Department of Revenue. (Cr. doc. 1 at 11 (indictment)[1]; cr. doc. 426 (change of plea).) After unsuccessfully appealing his sentence, *United States v. Patterson*,

---

[1] Unless otherwise noted, citations are to the docket in Franklin's civil § 2255 case, number CV611-042. "Cr. doc." refers to documents filed under her criminal case, CR607-031. Additionally, page references are to the CM/ECF screen page rather than the referenced document's own internal pagination.

595 F.3d 1324 (11th Cir. 2010), he retained a different attorney to file the present § 2255 motion, which asserts a multipart ineffective assistance of counsel claim. (Doc. 1 at 5.)

When addressing ineffective assistance of counsel claims, the Court is guided by *Strickland v. Washington*, 466 U.S. 668, 687 (1984), which created a two-part test for determining whether counsel performed ineffectively. First, the movant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." 484 U.S. at 687. Second, he must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. *Id.*

Under the performance prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. *Id.* at 690. It is generally appropriate to look to counsel's performance throughout the case in making such a determination. *Kimmelman v. Morrison*, 477 U.S. 365, 386 (1986). The movant carries a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls

within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. Indeed, Patterson must show that "'no competent counsel would have taken the action that his counsel did take.'" *Ford v. Hall*, 546 F.3d 1326, 1333 (11th Cir. 2008), *quoting Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc).

Under the prejudice prong, Patterson must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. *Kimmelman*, 477 U.S. at 375; *Strickland*, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *see also Lightbourne v. Dugger*, 829 F.2d 1012, 1022 (11th Cir. 1987); *Boykins v. Wainwright*, 737 F.2d 1539, 1542 (11th Cir. 1983).

Here, Patterson faults his retained trial attorney, Harold McLendon, for failing to: (1) file a response to the pre-sentence investigation report ("PSI"); (2) discuss the PSI with him; (3) file a pre-sentencing memorandum; (4) produce mitigation evidence at sentencing; and (5) offer argument on his behalf at sentencing. (Doc. 1 at 4.)

3

Patterson, however, has utterly failed to show that any of the supposed deficiencies were prejudicial.

Patterson has not presented any specific objection, evidence, or argument counsel should have made in challenging the PSI or at sentencing. (Doc. 4 at 4-9.) Boiled down, he argues that counsel's "deficient" performance was *necessarily* prejudicial. That is not enough. Patterson must show what a reasonable attorney would have done under the circumstances and then explain why his attorney's failure to do those things led to an avoidable, harsher sentencing outcome. While in some ineffectiveness cases prejudice is presumed, *see Roe v. Flores-Ortega*, 528 U.S. 470 (2000) (failure to file an appeal despite direct directions to do so results in prejudice *per se*), this is not such a case.[2]

Since Patterson has failed to show any prejudice stemming from the alleged attorney ineffectiveness, his claims fail. *See United States v. Laetividal-Gonzalez*, 939 F.2d 1455, 1465 (11th Cir. 1991) (no hearing

---

[2] Patterson has not offered any *binding* case authority suggesting that any of the deficiencies he lists are *per* se prejudicial. Citing Fourth Circuit authority, however, he contends that counsel is required to review the PSI with his client, and the failure to do so is necessarily prejudicial. (Doc. 4 at 6.) The Eleventh Circuit does not employ the Fourth Circuit's framework. It requires a *specific* showing of prejudice in such situations. *See Hagins v. United States*, 267 F.3d 1202, 1206 (11th Cir. 2001) (no prejudice where counsel failed to review the PSI with his client).

4

required where movant's allegations fail to satisfy *Strickland's* prejudice prong ); *see also Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001) (citing *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991)) (no hearing, much less § 2255 relief, based upon self-serving and conclusory claims); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (no hearing required on claims "which are based on unsupported generalizations"); *Rodriguez v. United States*, 473 F.2d 1042, 1043 (5th Cir. 1973) (no hearing required where petitioner alleged no facts to establish truth of his claims beyond bare conclusory allegations).[3]

For the reasons explained above, Patterson's § 2255 motion should be **DENIED**. Applying the Certificate of Appealability ("COA") standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy

---

[3] Two other factors cut against Patterson's assertion that any downward PSI adjustment would be helpful. First, the judge sentenced Patterson well below the PSI's 120-month United States Sentencing Guidelines ("U.S.S.G.") advisory sentence. (CR. doc. 665 at 6 (sentencing tr.); PSI ¶ 69.) Based upon his cooperation in the investigation and prosecution of others involved in the car ring, the government filed a substantial assistance motion pursuant to U.S.S.G. § 5K1.1 prior to sentencing. (Cr. doc. 489.) After reviewing the motion, the Court sentenced Patterson to 80 months. (Cr. doc. 665 at 7-8 ("The Court has departed below the applicable imprisonment range based upon the government's motion pursuant to United States Sentencing Guideline Section 5K1.1.").) Second, the base PSI range actually exceeded the 120-month statutory maximum and had to be adjusted downward under U.S.S.G. § 5G1.1(a). Hence, absent some substantial Guidelines adjustment, which Patterson *has not* offered here, the Court is skeptical that Patterson would have received a more favorable sentence.

issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this __19th__ day of September, 2011.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA